B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Lisa D. Gilbert | DEFENDANTS<br>US Dept. of Education<br>Nelnet - Loan Servicer |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>N/A | ATTORNEYS (If Known)<br>N/A |
| PARTY (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

GILBERT IS SEEKING DISCHARGE OF HER STUDENT LOANS
THIS PROCEEDING IS BROUGHT PURSUANT TO 11 USC 523(a)(8)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR  LISA D GILBERT || BANKRUPTCY CASE NO.  18-31243 ||
| DISTRICT IN WHICH CASE IS PENDING  CONNECTICUT || DIVISION OFFICE  NEW HAVEN | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)  [signature] ||||
| DATE  11/6/2018 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Lisa D Gilbert ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

2018 NOV -6 P 3: 42

FILED
CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| LISA GILBERT, <br> MICHAEL PURDUE <br>     DEBTORS. | CASE NO.   18-31243 <br><br> CHAPTER   7 |
| LISA GILBERT, <br> PLAINTIFF <br><br> VS. <br><br> U.S. DEPARTMENT OF EDUCATION AND <br> NELNET LOAN SERVICER <br><br>     DEFENDANTS | ADV. PRO. NO. |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT

### I. NATURE OF THE ACTION

1.      This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and §523(a)(8) to determine the dischargeability of education loans ("student loans"), as defined in 23 U.S.C §221(d)(1).

2.      This proceeding is being brought in connection with Plaintiff's case under Chapter 7 of Title 11 of the United States Code, Case no. 18-31243 filed on July 30, 2018 in the United States Bankruptcy Court in the district of Connecticut New Haven Division.

1

## II. PARTIES

3.  The Plaintiff, Lisa Gilbert, is a resident of the State of Connecticut, residing at 95 Knoll Drive, Hamden, CT

4.  The Defendant, United States Department of Education (hereinafter "DOE") is a department of the United States government, and is the creditor holding claims based on loans in this proceeding. Headquartered at Lyndon Baines Johnson Department of Education Building, 300 Maryland Ave, SW Washington DC 20202; US Attorney's Office PO Box 197, Montgomery, AL 36101-0197; US Department of Education Litigation Unit, 50 Beale Street, Suite 8629, San Francisco, CA 94105

5.  The Defendant, Nelnet, Inc. is a for profit education finance company. Nelnet is a student loan servicer for the US Department of Education with its principal executive offices located at 121 South 13th St., Suite 201, Lincoln, NE 68508. Nelnet is the current servicer of Plaintiff's student loans.

## III. JURISDICTION AND VENUE

6.  This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §1334{b) and §28 U.S.C. § 157(b). This is a core proceeding under title 11 because it concerns a determination as to the dichargeability of a debt.

7.  Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## IV. FACTUAL AND PROCEDURAL BACKGROUND

8.  The federal student loan program was originally designed in reaction to the launch of the Soviet rocket, Sputnik. Fearful that the Russians were superior to Americans in science and

math and realized that education was paramount if Americans want to move ahead in the quest to venture into space. To this end, the government established the National Defense Education Act in 1958 and the Guaranteed Student Loan Program in 1965.

9. In the 1970's, most students did not need loans to go to college. The average cost of tuition was only $2,587 and the average debt upon graduation was less than $13,000. Congress amended the statute many times between 1984 and 2005. They eventually "eliminated any time period provision out of concern that young graduates would "abuse student loan programs by filing bankruptcy" immediately "after graduation, getting a discharge, and then enjoying a lifetime of income that education provides, but without the expense of paying back the loans." (Daniel A. Austin, *The Indentured Generation: Bankruptcy and Student Loan Debt*, 53 SANTA CLARA L. REV. 329, 369 (2013) [hereinafter Austin, *Indentured Generation*]. *Accord* 124 CONG. REC. 1792 (1978) (statement of Rep. Ertel) ("What is does prevent is that when a student gets through school, having taken a student loan, comes out and says, 'Well, it is nice to get a fresh start. I will not pay back my loan. I will declare bankruptcy and I will not have to worry about it.' And discharge the only loan they have which is a student loan.")). Initially Congress allowed student loans to be dischargeable in bankruptcy after five years of repayment, then they amended it to 7 years and finally in 1998 Congress made student loans presumptively non-dischargeable in excepting such discharge would impose an "undue hardship" on the Plaintiff or her dependents. Although this rule was at odds with the fundamental purpose of the bankruptcy code, it was perhaps a reasonable exception when it was only applied to the first five, and later 7 years of repayment.

10. The term "undue hardship" was never defined by Congress and so it has been left for determination by the courts. For over forty years, courts have tried to define the meaning of "undue hardship," using over a dozen tests working within and without the text of the statute, now commingling the court's equitable powers under section 105 with the court's mandate under section

3

523(a)(8), now refusing to do so. At the time of this filing there are only two tests used to determine dischargeability: the Brunner Test ("Brunner") and the Totality of the Circumstances Test ("TOC"). These two tests are subject to wide disagreement over their applicability.

11. After Brunner and TOC had codified the meaning of "undue hardship," Because the "undue hardship" standards were created when courts were only charged with determining whether repayment of federally insured loans during the initial years of repayment constitute an undue hardship. Both Brunner and the Totality of the Circumstances test are therefore incredibly harsh because courts knew that after five to seven years, the debt could be discharged without any showing of additional financial strain whatsoever.

12. Although Brunner/TOC is binding precedent in this Circuit, Plaintiff humbly prays that this Court reconsider the applicability of that precedent given the changing legal landscape of section 523(a)(8) since the time Brunner/TOC was enacted.

## V. **STUDENT LOAN REPAYMENT**

13. Plaintiff borrowed $43,625 from CitiCorp Student Loan Center for undergraduate education at Otis College of Art and Design and California State University, Northridge from 1983-1986. Plaintiff received loans from 1987-1990 for graduate school at The Southern California Institute of Architecture with a degree received in January 1991. (See Appendix A)

14. Between 1991 and March 1997 Plaintiff was in repayment with CitiBank under The Student Loan Corporation. During that time Plaintiff was either in repayment, or deferment depending upon income.

15. In 1997, Plaintiff consolidated all outstanding student loans with the Federal Direct Consolidation Program in order to enter the Income Contingent Repayment Plan (ICR). At that time, the total debt amount had increased by $31,102.03 from accrued interest. The total

4

consolidated debt was $74,727.03

16. From April 2, 1997 to the present, November 2018, the Plaintiff has been on various Income Driven repayment plans, a total of more than twenty-one years.

17. Nelnet, the current loan servicer told the Plaintiff by telephone on November 1, 2018 that she has been put on yet another plan, Revised Pay-As-You-Earn (REPAYE) and that the twenty year time period restarted, and as such, Plaintiff has accumulated only 16 months toward the twenty-year period.

18. Plaintiff is indebted to the Defendant in the approximate sum of $103,000.

19. Plaintiff has paid at least $42,154, in repayment.

20. Plaintiff has made a good faith effort to repay her loans for 28 years.

21. Requiring Plaintiff to repay these debts will impose an undue hardship on the Debtor and the Debtor's dependents as contemplated under 11 U.S.C. 523(a)(8)

## VI. CAUSE OF ACTION

22. Circumstances beyond plaintiffs control resulted in her business becoming defunct, after more than twenty years. The income to support the Debtors, and their two children was solely generated from the business.

23. Plaintiff and her husband filed for Chapter 7 Bankruptcy for reasons other than discharge of student loans.

24. The Debtors have no income and are unemployed. They cannot currently meet their bare minimum expenses.

25. Debtors expertise is specific to Architect Licensure Candidates, a very niche market. Plaintiff is 56 years-old, her husband and co-debtor is 51 years old. They have been working in this niche field for over twenty years. There is little hope for any future employment that would provide

much more than a minimal standard of living.

26. Debtors have depleted their retirement and have no other savings.

27. Debtors home has $0.00 equity and a second for $102,000 for an SBA loan.

28. Plaintiff has a 79-year-old mother that had been dependent upon the Plaintiff for monetary assistance, which Plaintiff can no longer provide.

29. Plaintiff has two dependent children ages 15 and 17.

30. There is no current income nor any future income that would not cause an undue hardship on the defendant if required to continue repayment to Defendant.

31. Debtor has been paying on her student loans for 26 years, and currently owes $103,000. In 20 years if the debt was forgiven under the new REPAYE plan, the debtor will be 76 years old. By that time her total indebtedness to defendant will be approximately $200,000.

32. If the debt were forgiven at age 76, debtor could not pay the tax liability on the forgiveness and will then be shifting one debt for another with the IRS who can then garnish any Social Security Benefits.

33. There is no hope for the plaintiff to repay the entire debt in her life time.

## VI. CLAIMS FOR RELIEF

34. Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

35. Plaintiff is entitled to discharge of her student loan debt because repayment would constitute an "undue hardship" on her.

36. Plaintiff meets the standard for undue hardship as articulated in *Brunner/Totality of the Circumstances.*

37. Accordingly, Plaintiff prays this Court discharge her student loan debt.

## VII. JURY DEMAND

6

38. Pursuant to her rights under Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Debtor Gilbert prays for judgment as follows:

A. In light of the foregoing, plaintiff requests that Defendant be cited to appear and judgment be entered against Defendant for:

B. Declaratory and injunctive relief;

C. Determination of dischargeability; and

D. Any other and further relief that this Court may deem just and proper or otherwise permitted by law.

Respectfully submitted,

Lisa Gilbert
95 Knoll Drive, Hamden, CT 06518
*(pro se)*

7